UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Steven Andrew Rhoads and | ) | Case No. 10-71355 |
| Jennifer Lynn Rhoads, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Jeff Stupavsky, | ) | Adversary No. 10-07103 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Steven Andrew Rhoads and | ) | |
| Jennifer Lynn Rhoads, | ) | |
| Defendants. | ) | |

**MOTION TO RESTRICT ELECTRONIC ACCESS TO PLAINTIFF'S EXHIBITS, TO STRIKE THOSE EXHIBITS FROM THE RECORD, AND TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED BY THIS COURT**

The Defendants, Steven and Jennifer Rhoads, through one of their attorneys, Brian D. Pondenis of Ostling & Associates, Ltd., state as follows:

1. The Plaintiff filed his Amended Complaint on March 14, 2011.

2. The Plaintiff's Amended Complaint includes Exhibit B, consisting of thirteen pages of photographs, not included with the original Complaint.

3. Plaintiff relies heavily on Exhibit A, an Adams County, Illinois, judgment finding certain damages to the rental premises, as proving that such damages in fact occurred and are non-dischargeable.

4. Plaintiff's Exhibit B includes photographs and captions depicting alleged damages expressly found by the Adams County Court to have not been adequately proven by the Plaintiff during that proceeding.

5. Said photographs, depicting alleged damages expressly denied by that State court, serve only to prejudice or distract this Court, because the issue the Plaintiff has brought before this Court is whether the debt previously adjudicated by the Adams County Court is

dischargeable under 11 U.S.C. §523(a), and certain components of the debt presented by the Plaintiff to this Court were not awarded or deemed proven by that state court; for example:

    a.    Two separate and distinct "foyer light fixtures" allegedly "stolen" and depicted in Document 13-2 and 13-4;

    b.    Multiple photographs of damaged doors, when the state court judgment referenced only one door as being damaged and requiring repair or refinishing;

    c.    Photographs of "holes in plaster walls" in the living room, which the state court judgment did not mention and for which that court did not apparently award damages.

6. Presumably the Plaintiff had his opportunity in the Adams County Court to fully present and litigate his claims against the Defendants for any and all alleged damages, and any damages not expressly found by that court should not be re-litigated in this Court.

7. Furthermore, the Plaintiff's Exhibit B contains photographs of a minor child of the Defendants. (See Document 13-5).

8. Said photographs serve no demonstrative purpose and have no evidentiary value, and are duplicative of other photographs submitted by the Plaintiff for the same purpose.

9. The Plaintiff's photographs of the Defendants' minor child are viewable by any member of the public, per 11 U.S.C. § 107(a).

10. Bankruptcy Rule 9037 requires the redaction of personally identifying information, including all but the final four digits of Social Security numbers, all but the year of a person's birth, and all but the final four digits of any account numbers.

11. Rule 9037(d) allows the Court to enter an order requiring redaction of additional information or limiting electronic access to a document filed with the Court.

12. Section 107(c) of the Bankruptcy Code authorizes the Court to protect individuals from the disclosure of means of information which would create an undue risk of identity theft or unlawful injury. Section 107(c)(1)(A) provides that the types of identifying information protected are listed in 18 U.S.C. 1028(d).

13. 18 U.S.C. 1028(d)(7) defines "means of identification" as including "unique biometric data . . . or other unique physical representation."

14. The photographs of the minor child submitted by Plaintiff in Exhibit B are unique physical representations of said child.

15. The publication of the Defendants' minor child's photograph, when the minor appears to be

            Document      Page 3 of 5

within the confines of his home, is a violation of the minor's and the Defendants' right to privacy against publication of unauthorized photographs. *See, e.g., Green v. Chicago Tribune Co.*, 675 N.E.2d 275 (Ill. App. 1st Dist. 1996).

16. Furthermore, said photographs of the Defendants' minor child constitute an intrusion upon the seclusion of another. *See, e.g., Lovgren v. Citizens First Nat'l Bank*, 126 Ill. 2d 411, 417 (1989); *Burns v. Masterbrands Cabinets, Inc.*, 369 Ill. App. 3d 1006, 1011 (Ill. App. 4th Dist. 2007).

    a.  Photographing the Defendants' minor child on May 27, 2008, well before the June 8, 2008, move-out date, was an unauthorized intrusion into the Defendants' right to seclusion because the Defendants enjoyed the use of the residence as their home until they vacated the premises on June 8, 2008. (Plaintiff's Amended Complaint, Exhibit A at ¶ 1).

    b.  The intrusion was offensive or objectionable to a reasonable person, because it depicted the child within his home, amidst bags of garbage, the photograph was labeled "garbage," and such publication violates the prohibitions against the posting of indentifiable information, contained in Bankruptcy Code Section 107 and 18 U.S.C. 1028(d)(7). (See Plaintiff's Doc. 13-5, filed March 14, 2011, at p. 1).

    c.  The intrusion occurred while the Defendants resided at their leased residence, and while the minor child apparently was standing at the back porch looking outside at the photographer. The photograph was published in this action, a private action, which is not a matter of public concern, and for the sole purpose of monetary benefit to the Plaintiff. (Id.).

    d.  The Defendants' depicted minor child is not a party to this action, and the publication of said photographs by the Plaintiff has caused the Defendants unnecessary anguish, worry, and suffering, because said photographs constitute an unwarranted intrusion into their, and their minor child's, rights of privacy and seclusion pursuant to Illinois law.

15. Section 105 of the Bankruptcy Code authorizes this Court to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

In light of the above, the Debtors request that this Court enter an order striking and deleting Plaintiff's Exhibit B from the record, causing that claim to be inaccessible for viewing by any member of the public, in order to protect the Debtors' child's personally identifying information, to comply with Rule 9037, and Code Section 107, and to remove distracting, prejudicial, or impertinent photographs from the record. Furthermore, the Defendants respectfully request that this Court exercise its powers under Bankruptcy Code Section 105 and sanction and/or fine the Plaintiff in the amount of $1000.00, in addition to attorney's fees incurred, for publication of said photographs in violation of Illinois and federal law, and the Defendants request that the Court grant other such relief as the Court deems proper.

                                                Respectfully submitted,

                                                Steven and Jennifer Rhoads

                                                By one of their attorneys:

April 4, 2011                                    /s/ Brian D. Pondenis
                                                       Brian D. Pondenis

Ostling & Associates, Ltd.
201 W. Olive St.
Bloomington, IL 61701
(309) 827-3030

## PROOF OF SERVICE

Notice has been electronically mailed via CM/ECF to the following parties or attorneys of record:

Mr. Gerald Timmerwilke, Attorney for Plaintiff

Notice has been mailed by the undersigned to the following by enclosing the same in an envelope addressed to such person(s) at their address, as disclosed by the pleadings of record therein, with postage fully prepaid, and by depositing said envelope in a United States Post Office mail box in Bloomington, Illinois, on April 4, 2011:

Steven and Jennifer Rhoads
P.O. Box 322
Payson, Illinois

/s/ Brian D. Pondenis
Brian D. Pondenis